UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           No. 06-15736

v.                                      District Judge Arthur J. Tarnow
                                        Magistrate Judge R. Steven Whalen

JOHN VORRICE,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Before the Court is Defendant John Vorrice's Request for Hearing About the Garnishment and Claim for Exemptions [Doc. #23]. Because this is a post-judgment matter, I must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). For the reasons discussed below, I recommend that the Defendant's request for a hearing be DENIED AS MOOT, that his objections to the writ of garnishment be SUSTAINED, and that the writ of garnishment as to the ELGA Credit Union [Doc. #22] be VACATED.

**I.   DISCUSSION**

      This is a student loan case. On March 2, 2007, the United States obtained a default judgment against Mr. Vorrice in the amount of $6,386.42, together with post-judgment interest [Doc. #6]. On January 12, 2015, a writ of continuing garnishment was issued to garnishee ELGA Credit Union [Doc. #22]. In its response [Doc. #25], the United States concedes that (1) the ELGA Credit Union holds no funds on behalf of Mr. Vorrice, and (2) previous deposits into Mr. Vorrice's Credit Union accounts were solely the proceeds

of unemployment compensation, and thus exempt from garnishment under M.C.L. § 421.30. The United States agrees with the relief that I am recommending. *See* Response [Doc. #25], p. 2.

## II.   CONCLUSION

I recommend that Defendant's request for hearing [Doc. #23] be DENIED AS MOOT, that his objections to garnishment [Doc. #23] be SUSTAINED, and that the writ of garnishment as to the ELGA Credit Union [Doc. #22] be VACATED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: April 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 21, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager